PEOPLE v. RADT et al.

(Court of General Sessions, New York County.   October 30, 1900.)

CONSPIRACY—BOYCOTT—FORCE.
    One of defendants at a meeting of a labor union said,  "We must ruin the business of" complainant, and moved the appointment of a committee.  The other defendant seconded the motion, and they were appointed. A circular reciting certain alleged facts by way of inducement, and ending, "Therefore we appeal to every member, to every religious and justly thinking person, to only buy goods" from others, was distributed; and defendants put up posters with the words:  "Scab Labor!  Don't Patronize [the complainant]!  Scab Labor!  556 Cortlandt Avenue."  *Held*, that such words and acts did not violate Pen. Code, § 168, subd. 5,. providing that if two or more persons conspire to prevent another from exercising a lawful calling by force, threats, or intimidation, each is guilty of a misdemeanor, since no force was used or threatened by defendants.

Fritz Radt and August Burkhard were placed on trial under indictment for conspiracy.   Verdict of not guilty directed by the court.

J. Lindsay Gordon, Asst. Dist. Atty., for the People.
Alfred Steckler, for defendants.

FOSTER, J. (charging jury). A motion was made last night, immediately before the adjournment of the court, that the court advise you to acquit the defendants. Now, the defendants have been committed for trial under subdivision 5 of section 168 of the Penal Code. That section has been read to you, so that you are familiar with it. The law further provides that the court may advise the jury to acquit at any time after the evidence on one side is before the jury, so that the court may at any time dismiss a case if facts sufficient to constitute the crime alleged have not been proven, or if, as a matter of law, there is a reasonable doubt of the guilt of the defendants, or, in the interest of public justice, the court may advise the jury to acquit. In granting this motion, which I am about to do, and in advising you to acquit the defendants, I ought to say to you, in the presence of the defendants, that the granting of the motion is not in the nature of, and not to be construed as, a justification of their conduct. I am inclined to believe that their conduct is open to certain criticism, and possibly to a prosecution under other sections of our Penal Code; but the charge here is one of conspiracy, and, in my judgment, under the decisions, that crime is not made out. The crime of conspiracy is defined as follows:

"If two or more persons conspire, and the conspiracy consists in the unlawful combination or agreement, either (1) to commit a crime, or (2) falsely and maliciously to indict another for a crime or trial or arrest for a crime, to procure another to be complained of; (3) falsely institute or threaten an action or special proceeding, or (4) to cheat and defraud another of property by any means which are themselves criminal or which, if executed, would amount to a cheat, or to obtain money or any other property by false pretenses; or (5) to prevent another from exercising a lawful trade or calling, or doing any other lawful act, by force, threats, intimidation or by interfering or threatening to interfere with tools, implements or property belonging to or used or through the use or employment thereof; or (6) to commit any act injurious to the public health, public morals or to trade or commerce, or for the perversion or obstruction of justice or with due administration of the laws; each of them is guilty of a misdemeanor."

The evidence of the conspiracy—that is to say, of the meeting of the minds of these alleged conspirators—is that, at a meeting of a labor union to which they belonged, one of these defendants arose and said (and what he said, I believe, was said in the German language):

"We must ruin the business of [the complaining witness], who is opposed to organized labor. So long as he continues in business, organized labor cannot exist in this community."

He then moved for the appointment of a committee, and the two defendants were appointed members of that committee. The other defendant seconded the motion.

Now, that, as I remember it, is the only evidence of the conspiracy. In order to establish a conspiracy, there must be an introduction in evidence of testimony of some overt act,—evidence of something done in support of this meeting of minds; that is, conspiring together. It is claimed on the part of the people that the overt acts complained of consisted, first, in the distribution among the members of the labor union of a circular letter, which they were

expected to further distribute. Now, that circular letter is both in German and English. It contains statements purporting to be statements of fact. As to whether they are or not, we are not concerned, but they are made by way of inducement. The circular ends with this: "Therefore we appeal to every member, to every religious and justly thinking person, to only buy goods," etc., from others. That is one of the overt acts. The other of the overt acts consists in the posting up—which is brought home to the defendants—of small posters having on them the words: "Scab Labor! Don't Patronize [the complaining witness]! Scab Labor! 556 Cortlandt Avenue." The question, then, is whether these acts and whether this conspiracy are punishable under subdivision 5 of section 168. Now, there is no force used, there is no threat, there is no intimidation; nor do these acts tend to interfere, nor do they threaten to interfere, with the implements or property used by or in the employ of the complainant; so that it seems to me, gentlemen, the case is not made out against these defendants. Our court of appeals says:

"One may refuse to deal with a firm because of a belief that it does not give honest compensation for labor, and may ask his friends or the public to do the same thing, and the conduct may do injury to the public without thereby becoming illegal."

I have examined all the cases that the learned counsel have referred me to, and I find there is an element of force or intimidation in each of the cases in which convictions have been had. In this case [indicating paper] it seems to me that the question involved on the part of the court of appeals was a request not to deal with a firm which did not give honest compensation for labor. Now, we are not concerned here with the question whether honest compensation was given to labor. It seems to me that labor has a right to organize; that labor has the right to appeal to the community, and say, "Don't patronize this man, because he does not sympathize with organized labor." I take it that the word "scab" is one which, in the language of the court of appeals, means that a person does not give honest or fair compensation for labor. It is a word that perhaps has a certain objectionable character, and is a word that perhaps people generlly would use in that sense. So, gentlemen, for these reasons, and that, no conviction is sought under subdivision 6 of this section of the Penal Code,—and, if conviction is sought under that subdivision, it would be a variance,—I am constrained to grant the motion of the defendants' attorney; and for those reasons, gentlemen, I advise you to acquit the defendants of the charge made against them.

The jury thereupon returned a verdict of not guilty.